# United States District Court for the Northern District of California

Sai

*Plaintiff*

v.

Smith *et al*

*Defendants*

Civil Action No.:  3:16-cv-01024-JST

### *Ex parte* letter in response to Clerk's request for service addresses

This letter is in response to the Clerk's request, ECF No. 32.[1]

To the best of my knowledge, the addresses for non-individual defendants are as follows:

    Covenant Aviation Security (CAS)
    James E. Mahoney, *counsel*
    Griffith & Jacobson, LLC
    55 W. Monroe St.
    Suite 3550
    Chicago, IL 60603

    Transportation Security Administration (TSA)
    601 S. 12th St., Arlington, VA 22202

    Department of Homeland Security (DHS)
    Mail Stop 3650, Washington, DC 20528

    United States of America (USA)
    Department of Justice / Attorney General, *counsel*
    950 Pennsylvania Avenue, NW
    Washington, DC 20530-0001

I do not know the addresses of the individual capacity defendants. However, I expect that they can be served at their workplaces, or by contacting their employer.

---

[1] My understanding from the Clerk's request, which I received by CM/ECF without any self-addressed envelope information, was that I was to promptly contact the Clerk *directly*, which I tried to do by email. Given this Court's minute order, ECF No. 33, my revised understanding is that I am to respond in the form of a letter filing, as I have done here.

Defendants Smith (TSA), Adams (TSA), and Ellison (CAS) worked at SFO Airport as of early 2013. I have heard informally that Smith was fired late 2013, but I do not have any official confirmation, nor any additional information as to his current employment status or location.

All other individual defendants[2], to the best of my knowledge, work at TSA HQ (listed above). If it would be helpful to the Court or Clerk, I can provide official capacity phone numbers and/or email addresses for at least some of the individual defendants.

I have not attempted to determine any of the individual defendants' home addresses, as I believed that would be invasive of their privacy, unnecessary to effectuate service, and probably subject to a protective order if docketed. *See e.g. Armato v. TSA*, No. CV-11-02462-PHX-ROS, ECF No. 30 (D. Az. Nov. 26, 2012) (granting stipulated protective order, ECF No. 28 *filed* Nov. 11, re individual defendants' names and residential addresses).

If individual capacity defendants cannot be served at work, then I would ask that service be delayed pending discovery on their employer for their contact information, or some other arrangement for service. In a previous case, I agreed with the AUSA representing TSA that the AUSA would accept service electronically on behalf of all individual capacity defendants.

> Respectfully submitted,
> Sai, *plaintiff pro se*
> legal@s.ai
> +1 510 394 4724 phone / +1 206 203 2827 fax
> 500 Westover Dr. #4514, Sanford, NC 27330

---

[2] I expect to amend the complaint as of right, FRCP 15(a)(1), and in so doing, to name additional defendants who work for TSA or local police at five other airports (SEA, MIA, RDU, DFW, and LGA). *See* ECF No. 21. However, it is my understanding is that it is not proper for me to provide their names for service at this time, as I have not yet filed the amended complaint.