UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAI,<br><br>        Plaintiff,<br><br>    v.<br><br>DAVID SMITH, et al.,<br><br>        Defendants. | Case No.16-cv-01024-JST<br><br>**ORDER GRANTING MOTION TO QUASH**<br><br>Re: ECF No. 64 |

Before the Court is Defendant Covenant Aviation Security, LLC's ("Covenant") motion to dismiss for insufficient service of process or, in the alternative, to quash service of process. ECF No. 65. The Court will grant the motion to quash.

**I. BACKGROUND**

Plaintiff Sai filed this action on February 29, 2016. ECF No. 1. After several extensions, Sai filed an amended complaint a year later on February 9, 2017. ECF No. 57. At the Court's direction, Sai submitted service addresses for the non-individual Defendants, ECF No. 34, including Covenant. Sai provided the following address for Covenant:

> Covenant Aviation Security (CAS)
> James E. Mahoney, counsel
> Griffith & Jacobson, LLC
> 55 W. Monroe St.
> Suite 3550
> Chicago, IL 60603

Id. The Court then directed the U.S. Marshal to serve these Defendants at the addresses Sai provided. ECF No. 61.

On April 5, 2017, a marshal served Sai's complaint on Daisy Juarez, receptionist for Griffith & Jacobson, LLC at the address Sai provided for Covenant. ECF No. 65-2 ¶ 7. Ms.

Juarez is not authorized to receive service of process on Covenant's behalf. Id. ¶ 5. James Mahoney, Covenant's General Counsel, also is not authorized to receive service on Covenant's behalf. ECF No. 65-1 ¶ 5.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(5), a defendant may move to dismiss for "insufficient service of process." Alternatively, a defendant may move to quash the summons. E.g., Verde Media Corp. v. Levi, No. 14-CV-00891 YGR, 2014 WL 3372081, at *2 (N.D. Cal. July 9, 2014). "The choice between dismissal and quashing service of process is in the district court's discretion." Stevens v. Sec. Pac. Nat. Bank, 538 F.2d 1387, 1389 (9th Cir. 1976). Generally, service "will be quashed and the action preserved in those situations in which there is a reasonable prospect that the plaintiff ultimately will be able to serve the defendant properly." Wright & Miller, 5B Fed. Prac. & Proc. Civ. § 1354 (3d ed.).

## III. ANALYSIS

### A. Insufficient Service

Covenant argues that process was insufficient here because neither Daisy Juarez nor James Mahoney was authorized to accept service on Covenant's behalf. The Court agrees.

As Plaintiff points out, "[d]espite the language of [Federal Rule of Civil Procedure 4], service of process is not limited solely to officially designated officers, managing agents, or agents appointed by law for the receipt of process." Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988). Rather, "service can be made 'upon a representative so integrated with the organization that he will know what to do with the papers. Generally, service is sufficient when made upon an individual who stands in such a position as to render it fair, reasonable and just to imply the authority on his part to receive service.'" Id. (quoting Top Form Mills, Inc. v. Sociedad Nationale Industria Applicazioni Viscosa, 428 F. Supp. 1237, 1251 (S.D.N.Y. 1977)). Plaintiff argues that Ms. Juarez and Mr. Mahoney satisfy the Direct Mail test.

However, "[t]he attorney-client relationship by itself does not convey authority to accept service." Evony, LLC v. Aeria Games & Entm't, Inc., No. C 11-0141 SBA, 2012 WL 12843210, at *8 (N.D. Cal. Sept. 28, 2012) (citing United States v. Ziegler Bolt & Parts Co., 111 F.3d 878,

881 (Fed. Cir. 1997); see also Pochiro v. Prudential Ins. Co. of America, 827 F.2d 1246, 1249 (9th Cir. 1987) (service of process on an attorney is ineffective unless the attorney is authorized to accept service). "Even where an attorney exercises broad powers to represent a client in litigation, these powers of representation alone do not create a specific authority to receive service." Evony, LLC, 2012 WL 12843210, at *8. "Instead, the record must show that the attorney exercised authority beyond the attorney-client relationship, including the power to accept service." Id. Here, despite his position as general counsel, Mr. Mahoney has stated that he was not authorized to accept service for Covenant. ECF No. 65-1 ¶ 5. Nor was his receptionist. ECF No. 65-2 ¶ 5. In sum, neither individual is an officer, agent, or person designated to accept service for Covenant. Therefore, service was ineffective under federal law, California law, and Illinois law.[1]

### B. Cross Motion

Sai's opposition to Covenant's motion to dismiss or quash is also styled as a cross motion. ECF No. 66. As an initial matter, the Court notes that Sai failed to properly notice this motion. Nonetheless, the Court will address Sai's requests. First, Sai asks to appear telephonically. The Court already granted this request, ECF No. 75, although it is now moot given that the Court has vacated the hearing. Second, Sai seeks to amend the docket to change Covenant's name to "Covenant Aviation Security, LLC." ECF No. 66 at 5. Covenant does not oppose the change and so the Court grants this request. Third, Sai renews his prior request, ECF No. 40, for discovery into the identities of the individual defendants and for a related protective order. ECF No. 66 at 5. The Court denies this request for the same reasons articulated in its last order: "Once the agency defendants have been served, make appearances, and respond to the Amended Complaint, Sai can conduct discovery into the identities of the individual Doe defendants. Sai's request for a protective order is therefore moot." ECF No. 61.

### CONCLUSION

The Court will quash the summons, rather than dismiss Covenant from the case. By June 21, 2017, Sai must provide the clerk with a new address for Covenant. If he does so, the Court will direct the U.S. Marshal to serve the complaint. If Sai does not provide an updated address,

---

[1] The difference between the service requirements under each is irrelevant to this motion.

3

the Court will dismiss Covenant from the case. The docket will be amended to change Covenant's name to "Covenant Aviation Security, LLC."

IT IS SO ORDERED.

Dated: June 6, 2017

_____
JON S. TIGAR
United States District Judge