1

2

3

4                           UNITED STATES DISTRICT COURT

5                         NORTHERN DISTRICT OF CALIFORNIA

6

7    SAI,                                        Case No. 16-cv-01024-JST

8                 Plaintiff,

9          v.                                    **ORDER DENYING REQUEST FOR**
                                                 **APPOINTMENT OF COUNSEL**
10   CHAMPAGNE ELLISON, et al.,

11                Defendants.

12

13         Plaintiff Sai has filed a request for appointment of pro bono counsel.  ECF No. 176.  The

14   request is his sixth, the most recent having been filed 19 days ago.  ECF Nos. 13, 25, 51, 86, 145.

15         "42 U.S.C. § 2000a-3(a) permits intervention by the Attorney General in privately initiated

16   Title II suits 'of general public importance' and provides that, 'in such circumstances as the court

17   may deem just,' a district court may 'appoint an attorney for (the) complainant and may authorize

18   the commencement of the civil action without the payment of fees, costs, or security.'"  *Newman*

19   *v. Piggie Park Enterprises, Inc.*, 390 U.S. 400, 402 (1968).  "When determining whether to

20   appoint counsel, a district court must consider "(1) the plaintiff's financial resources; (2) the

21   efforts made by the plaintiff to secure counsel on his or her own; and (3) the merit of the plaintiff's

22   claim."  *Schultz v. Mule Creek State Prison*, 95 F.3d 1158 (9th Cir. 1996).

23         Here, the Court finds that Sai satisfies the first two factors.  The court has already granted

24   Sai in forma pauperis status, and Sai's motion sufficiently describes Sai's efforts to obtain

25   counsel.  As to the third factor, however, Sai has not met Sai's burden.

26         Sai contends the Court should find his case has merit because some of Sai's claims

27   survived a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF

28   No. 176 at 1 ("This Court affirmatively ruled in Plaintiff's favor on the third element, by

United States District Court
Northern District of California

preserving Plaintiff's claims against a motion to dismiss."). This argument is not persuasive. A motion to dismiss addresses only to the sufficiency of a plaintiff's allegations, not the merits of her claims; something more than surviving a motion to dismiss is required. In *Bradshaw v. Zoological Soc. of San Diego*, for example, the Equal Employment Opportunity Commission "made a determination that there is reasonable cause to believe that the plaintiff was the victim of discrimination." 662 F.2d 1301, 1320 (9th Cir. 1981).

As of yet, the record before the Court does not demonstrate that Sai's claims are meritorious. Accordingly, Sai's motion is denied.

**IT IS SO ORDERED.**

Dated:  June 1, 2018

_____
JON S. TIGAR
United States District Judge